## Marsh & Wife v. Fuller.

A delivery of the key of a chest, with words of gift of the chest and its contents, is a good delivery to pass the property to the donee.

Where a party dies soon after making a gift, the administrator has no title to the possession of the property embraced within the gift, except under the rights of the creditors. If the property is not necessary for the payment of the debts, the donee is entitled to the possession, and may maintain an action of trover against the administrator, if he takes possession of the property, and refuses, upon demand, to deliver it to the donee.

If the property embraced in the gift is necessary, either in whole or in part, for the payment of the debts, the gift is invalid to that extent, the administrator is entitled to the possession of the property, and the claim of the donee is only to what may remain of the property upon the settlement of the estate.

Whether a qualified refusal of the administrator to deliver the property, upon demand, because he did not know whether the estate was or was not solvent, would amount to a conversion; and whether equity, in such case, would restrain the donee from a conversion of the property, *quære?*

Trover, for three promissory notes, (amounting to $144.52), $300 in bank bills, and $100 in specie. The writ is dated November 30, 1844. The demand for the property was made October 7, 1844.

The plaintiffs' evidence tended to show that one Dorothy Sleeper, being sick at the plaintiffs' house, on or about the 6th of October, 1843, delivered to Elizabeth Marsh, the wife, certain keys, and at the time of the delivery said, " I give you the chest that is over at Sergeant Rowe's, and all that is in it." Other conversation took place at this time, tending to show a gift, and that the keys were the keys of said chest.

Dorothy Sleeper died October 13, and the defendant, having been appointed administrator, represented the estate insolvent, caused the property in the chest, together with other property, to be appraised, and admin-

istered upon. His administration account was settled August 13, 1845, and a balance of $136.58 found in his hands, after paying all debts.

Specie to the amount of $56.96 was found in the chest, but no bank bills. The testimony was not distinct as to where the notes were found. They were negotiable, payable to said Dorothy Sleeper, or order, and were not indorsed.

The court instructed the jury that if they found that there was a gift, and that the keys belonged to the chest, a delivery of the keys would be a sufficient delivery of the property; that as to the notes, it was not necessary that they should be endorsed, if they should find that they were in the chest at the time of the gift; but that it appeared that a portion of property had been used up in the settlement of the estate, and the plaintiff could recover for the balance only that was in the hands of the administrator.

The jury returned a verdict for the amount of the specie only, and the defendant moved for a new trial.

*Tilton & Bartlett*, for the defendant. 1. Notes are not considered the subject of *donatio mortis causa*. As it does not appear, however, that the notes were in the chest, that may not be material. 2. None of the articles were delivered. 3. There is no evidence of a conversion. When the demand was made, April 10, 1844, the defendant could not have given up the property. He was bound to hold it as administrator, because it was subject to the payment of the debts. They cited 9 N. H. Rep. 430, *Locke* v. *Noyes;* 2 Ves. jr. 111; 4 Brown's Ch. 286; 14 Pick. 204; 2 Kent's Com., 1st ed., 258; 2 Ves. jr. 431; 3 Pr. Wms. 356; 1 Cowen 598; 1 Paige 318; 15 Maine 429; 5 N. H. Rep. 325; 7 N. H. Rep. 452; 10 N. H. Rep. 111.

*Bell & Tuck*, for the plaintiff, cited 24 Pick. 261; 5

N. H. Rep. 570; 3 Johns. 399; 5 do. 355; 3 Greenl. 425; 3 Pick. 599.

If there was a delivery, then any interference with the property was a conversion.

PARKER, C. J.   We are of opinion that the delivery of the key of the chest, with words of gifts of the chest and its contents, put the wife in possession, constructively, and was a sufficient delivery to perfect the gift.   2 Stra. 955, *Smith* v. *Smith;* 5 Ves. 823, *Guest* v. *Homfray;* 2 Aikens 79, *Chappel* v. *Marin;* 1 Nott & McCord 592; Dig. Con. Court, S. C., 197, pl. 4.

When the defendant took possession of the property, as part of the estate, and refused to deliver it to the plaintiffs upon their demand, he was guilty of a conversion, if the gift conferred a good title.   The title of the plaintiffs was good against the heirs and distributees of Dorothy Sleeper, the donor, and the defendant had no right as administrator, unless the property was required for the payment of the debts.   His right as administrator depends upon the right of the creditors.   They had no rights if there was sufficient property, without the property embraced in the gift, to pay the debts, and that appears to have been the case here — the gift being, as the jury have found, of the chest and money only.

If the evidence of the plaintiffs had shown that there was a gift of all that was claimed in the declaration, this action of trover could not have been maintained, for in that case the gift would have been, in part at least, to the prejudice of the creditors, as appears from the settlement of the administration account ; and there would have been no criterion by which a separation could have been made between the different parts of the donation.   The gift being entire of the whole that was in the chest, it would have been invalid if the property embraced in it had been necessary for the payment of the creditors.   All

that the donee would have been entitled to in that case would have been what remained upon the settlement of the estate, upon the ground that she was better entitled to that than the heirs; and the consequence must have been that the administrator would have had a right to take possession of the property, for the purposes of the administration, and might have maintained an action to recover it, if the donee had taken and held the possession. *Abbott* v. *Tenney, ante,* 109.

Fortunately for the plaintiffs the jury have sustained their claim only to the extent of the chest and money. The gift, therefore, appears to have been beyond exception. There was estate enough to pay the creditors and all expenses, beside what the intestate gave away. The administrator was not warranted in interfering with the property, the title to which had passed as against creditors as well as against heirs.

The charge of the court was erroneous in not recognizing this distinction, upon which depends the right of the donee, or of the administrator, to the possession of the property. But the verdict of the jury, by showing, in connection with the evidence respecting the settlement of the estate, that the gift was not to the prejudice of the creditors, and that the donee was therefore entitled to the possession, has rendered that error immaterial.

It is not sufficient that the administrator did not know whether the estate was solvent or not, nor does he seem to have put the case upon that ground when the demand was made upon him. By his absolute refusal to comply with the demand he took that risk. Whether a qualified refusal upon that ground might have protected him we do not consider.

Perhaps equity, upon a proper case made, might restrain the donee from a conversion of the gift, until it was ascertained whether the claims of the creditors required its appropriation as part of the estate.

*Judgment on the verdict.*